## MARYLAND CASUALTY CO. v. MILES.

Circuit Court of Appeals, Ninth Circuit.
April 1, 1929.

Rehearing Denied May 6, 1929.

No. 5627.

John Ralph Wilson, of San Francisco, Cal., for appellant.

Inman & West and Theodore W. Chester, both of Sacramento, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. ▪ This was an action by an employer against his insurance carrier to recover the balance due on a judgment recovered against the employer by an employee. The carrier has paid the sum of $5,000, with interest and costs of suit, on the judgment recovered against the insured, and, if its liability was limited to the sum of $5,000 for injury to any one person, as claimed by it, the judgment must be reversed. If, on the other hand, the policy was an unlimited one, as found by the court below, the judgment should be affirmed. This question of fact is the only question in the case.

October 22, 1920, the appellant issued to the appellee a binder in substantially the following form: The Maryland Casualty Company hereby binds insurance for ten days from noon of the above date in favor of Charles Miles, at the rate, and subject to the limits of liability named below, and subject also to the agreements and conditions of its usual form. On November 1, 1920, and December 31, 1920, two other binders, similar in form, were issued; the one for a period of sixty days, the other for a period of thirty days. It will be observed that these binders contained no limit of liability, and the reason assigned by one of the agents of the company for the failure of the binders to contain such a limit is far from satisfactory. The usual form of policy issued by the company likewise contains no limit of liability, but, where such a limit was agreed upon, the

agreement was attached to the policy in the form of a rider. Besides the original policy, which went to the insured, the company usually retained three copies—one for the broker, one for the San Francisco office, and one for the home office in Baltimore, Maryland. On August 12, 1921, the original policy issued to the appellee was returned to the appellant, at its request, and upon the trial it was not produced, nor was any of the several copies. The only reason assigned for their nonproduction was a statement by counsel that he had caused a search to be made for them, without results. This reason would seem very inadequate in view of the testimony given by one of the agents of the appellant, to which reference will presently be made.

The direct testimony on the question whether there was a rider attached to the policy was very brief. The wife of the appellee, who acted as his secretary, testified that she handled the numerous insurance policies issued to her husband at that time; that she made it her business to examine them; that she always read them over; and that the policy contained no rider. Objection is made to the form of some of the answers given by this witness; but, when her testimony is read as a whole, the above is its clear import. March 17, 1922, an agent of the appellant sent a telegram from San Francisco to another agent in Arizona, stating that the Miles policy had a limit of five and ten thousand, meaning, we presume, a limit of $5,000 for injury to one person and $10,000 for injury to more than one. He also testified that he obtained this information from a daily report or copy of the policy which he examined at the time in the San Francisco office. If this testimony was true, it is very strange that the daily report or copy was not produced at the trial, or that some satisfactory reason for its nonproduction was not forthcoming. The testimony as a whole was far from satisfactory or convincing. The witnesses were testifying to matters which occurred from five to seven years before, in which they had no special interest, and to which their attention was not specifically called at the time. Besides, all of the witnesses were more or less interested. One was the wife of the appellee; the others were or had been agents for the appellant; and, if the policy should have contained a limit of liability, and did not, the fault was theirs. But, considering the record with all its defects and infirmities, we are of opinion that the preponderance of the testimony supports the finding of the court below. In any event, the finding is supported by substantial testimony, and beyond this we are not at liberty to inquire.

The judgment is affirmed.